IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TROY S. MAJOR, </br></br> Plaintiff, </br></br> v. </br></br> Deputy Warden TARRELL, *et al.*, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) CIVIL ACTION NO. 5:18-CV-356 (MTT) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part Defendants Terrell, Powell, Cannon, Williams, Daniels, Sellers, Dozier, Myrick, Lewis, Toole, Ward, Clark, Upton, Davis, and Shepard's motion for partial summary judgment (Doc. 62). Doc. 64. Specifically, the Magistrate Judge recommends allowing the plaintiff to pursue his Eighth Amendment conditions of confinement claim and his Fourteenth Amendment due process claim relating to his retention within the Special Management Unit ("SMU"), but dismissing the plaintiff's due process claim relating to his initial transfer to the SMU and his claim for deliberate indifference to serious medical needs. *Id.* at 17. The plaintiff has not objected to the Recommendation. However, the defendants have objected to the Recommendation and have raised two issues. Doc. 65. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the defendants' objections and made a de novo determination of the portions of the Recommendation to which they object.

First, the defendants argue that the plaintiff received adequate due process while in the SMU because he received multiple 90-day reviews.  *Id.* at 5.  The record shows—and the Magistrate Judge points out—that the plaintiff did indeed receive periodic reviews throughout his time in the SMU.  Docs. 64 at 9; 62-4 at 11.  That is not the issue.  Instead, the issue is whether these periodic reviews were meaningful.  There is evidence that they were not.  Specifically, despite the review committee recommending that the plaintiff progress to the next (less restrictive) phase of the SMU at nearly every 90-day review, the plaintiff would usually not be moved to the next phase for months.  Doc. 62-4 ¶ 39.  For example, on January 17, 2017, April 10, 2017, and June 7, 2017 the review committee recommended the plaintiff be moved from E-wing to F-wing,[1] but the plaintiff was not actually transferred to F-wing until June 17, 2017.  *Id.*  This sort of delay happened multiple times.  *Id.*  Because of the long and inexplicable delays between the review committee hearings and the plaintiff's actual movement to less restrictive phases of the SMU, the Court cannot say as a matter of law that the plaintiff was afforded meaningful due process.

The defendants also argue that they are entitled to qualified immunity even if the periodic review hearings were pretextual because at the time of the alleged violation the law was not clearly established that a prisoner's periodic reviews must be meaningful.[2]

---

[1] Confusingly, E-wing of the SMU is the most restrictive phase, despite there being a D-wing and an F-wing.  Doc. 62-2 ¶ 41.

[2] While this is not the defendants' argument verbatim, the defendants specifically object to the Magistrate Judge citing *Quintanilla v. Bryson*, because it is an unpublished Eleventh Circuit opinion.  Doc. 65 at 8; 730 F. App'x 738 (11th Cir. 2018).  *Quintanilla* states that periodic review must be *meaningful*, but other, published cases state that prisoners in the plaintiff's position must be given periodic review.  Therefore, the defendants seemingly argue that because the published case law requiring "some sort of periodic review of the confinement" does not specifically emphasize that such review must be meaningful, it was not clearly established that the plaintiff's due process rights would be violated by providing meaningless periodic reviews.  See *Magluta*, 375 F.3d 1269, 1279 n.7 (quoting *Hewitt v. Helms*, 459 U.S. 460, 477 n.9 (1983)).

Doc. 65 at 8.  The defendants do concede, however, that "[t]he law is clearly established that an inmate cannot be held in conditions that constitute an atypical and significant hardship without being provided due process in the form of periodic reviews." *Id.* (quoting *Magluta v. Samples*, 375 F.3d 1269, 1283 (11th Cir. 2004)).  The authority cited by the defendants obviously implies that such reviews must have some purpose and not be "meaningless" as the plaintiff alleges his reviews were.  Doc. 1-1 at 5.  The Court agrees with the Magistrate Judge that the law was clearly established that a prisoner must receive *meaningful* periodic reviews.  Because of this, the defendants are not entitled to qualified immunity.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation is **ADOPTED** and made the Order of the Court.  Accordingly, the defendants' motion for partial summary judgement (Doc. 62) is **GRANTED in part** and **DENIED in part**.  The plaintiff will be able to pursue his Eighth Amendment conditions of confinement claim as well as his Fourteenth Amendment due process claim relating to his continued confinement in the SMU.

**SO ORDERED**, this 7th day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
